[No. 1090.]

## JOSEPH HIRSCHFELD, RESPONDENT *v.* CHARLES WILLIAMSON, SHERIFF, ETC., RESPONDENT.

SALE—DECLARATIONS OF VENDOR—WHEN NOT ADMISSIBLE—RES GESTÆ.—The declarations of a vendor, made after a sale by him and after he has parted with the possession to his vendee, cannot be received in evidence against the vendee for the purpose of affecting or impeaching the *bona fides* of such sale, or of defeating the vendee's title on the ground that the sale was in fraud of the vendor's creditors. The declarations are not admissible as being part of the *res gestæ.*

IDEM—PARTY BOUND BY HIS PLEADINGS.—In reviewing the evidence and pleadings: *Held,* that defendant is bound by the averment in his answer and that he cannot claim that a sale which he alleges, therein, was made at a certain date was really made at a different time.

APPEAL from the District Court of the First Judicial District, Storey County.

The power of attorney referred to in the opinion reads as follows :

Know all men by these presents, that I, Louis Ehrlich, of the city, county, and state of New York, have made, constituted and appointed, and by these presents do make, constitute and appoint Moses Ehrlich, of Reno, Nevada, my true and lawful attorney, for me and in my name, place and stead, to take charge of and to conduct and carry on my general merchandise business at said Reno, Nevada, to purchase and sell, either for cash or credit, all such articles and property as he may deem useful and proper, as connected with said business ; sign, accept and indorse notes, drafts and bills ; to state accounts ; to sue and prosecute, collect, compromise or settle all claims or demands due or to become due, now existing or hereafter to arise in my favor, and to adjust, settle and pay all claims and demands which now exist against me or may hereafter arise, either

as connected with the foregoing business or otherwise ; to take the general management and control of my affairs, property and business, and therein to buy, sell, pledge or mortgage, and to execute and enter into bonds, contracts, mortgages and deeds connected therewith, and in general do all other acts and things which he may consider useful or necessary connected with my business, property or interests ; giving and granting unto my said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully to all intents and purposes as I might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that my said attorney or his substitute shall lawfully do or cause to be done by virtue thereof.

In witness whereof I have hereunto set my hand and seal the 12th day of August, A. D. 1879.

L. EHRLICH.    [SEAL.]

*Wal. J. Tuska and D. Freidenrich*, for Appellant :

I. The declarations made by Louis Ehrlich to Levi, Greenwald & Loewenthal were made while to all intents and purposes Ehrlich was in possession of the chattels. By implication of law no sale was made to the respondent by L. Ehrlich on January 15, 1880.

II. Hirschfeld claims under a sale alleged to have been made on January 15, 1880, by M. Ehrlich, attorney in fact of L. Ehrlich by virtue of a power of attorney dated August 12, 1879. No such extraordinary powers, to sell out his entire business at Virginia city, Nevada, had been given by L. Ehrlich to his son. The power of attorney falls far short of this. It is merely a general power to attend to the transaction of his business in Reno, Nevada. A power of attorney must be strictly construed. (*Lord* v. *Sherman*, 2 Cal. 498 ; *Billings* v. *Morrow*, 7 Cal. 171 ; *Blum* v. *Robertson*, 24 Cal. 127; *Wood* v. *Goodridge*, 6 Cush. 117 ; *Ferreira* v. *Depew*, 17 How. Pr. 418 ; *Shaw* v. *Stone*, 1 Cush. 244 ; *Temple* v. *Pomroy*, 4 Gray, 131.)

III. The declarations of the assignor while in possession and after assignment are admissible. (*Adams* v. *Davidson*, 10 N. Y. 309.) A general power to manage and conduct one's business, authorizes the agent only to buy and sell in the usual course of trade or business. (*Shaw* v. *Stone*, 1 Cush.; *Temple* v. *Pomroy*, 4 Gray; *Ferreira* v. *Depew*, 17 How. Pr. 418; *Wood* v. *Goodridge*, 6 Cush.)

IV. The declarations objected to are admissible in evidence as *res gestæ.* The rule applicable to *res gestæ* does not require that the circumstances proposed to be given in evidence should have occurred at the precise time when the principal fact happened; if it arose either at the time or soon thereafter as to constitute a part of the transaction, it will be sufficient.

*Lewis & Deal,* for Respondent:

I. The order of the district court granting a new trial should not be reversed unless the weight of evidence clearly preponderates against the ruling of the court. (*State* v. *Yellow Jacket Co.*, 5 Nev. 415; *Phillpotts* v. *Blasdel*, 8 Nev. 61; *Treadway* v. *Wilder*, 9 Nev. 67; *Margaroli* v. *Mulligan*, 11 Nev. 96.)

II. The confirmation of the sale relates back to the fifteenth day of January, 1880, and places the sale on the same footing as if the authority had been conferred before the transaction. (1 Chitty on Contr. 295.)

III. The power under which the son acted was sufficient. It authorized him to adjust, settle and pay all claims which existed against his father at the time of the execution of the power, or that might thereafter exist, either as connected with his business or otherwise.

By the Court, LEONARD, J.:

Defendant appeals from an order of the court below granting to the plaintiff a new trial. The record shows these facts: Louis Ehrlich, a resident of New York city, on and prior to January 15, 1880, had a store in Virginia city, in this state, wherein he sold dry goods, clothing, etc. On the

twelfth day of August, 1879, he executed and delivered to his son, Moses Ehrlich, a power of attorney to do and perform in his name the matters and things therein stated. On the fifteenth of January, 1880, Moses Ehrlich, as attorney in fact of Louis Ehrlich, sold and delivered to Joseph Hirschfeld, plaintiff herein, all the goods in the store at Virginia city, and plaintiff retained possession thereof until February 6, 1880, when defendant, as sheriff of Storey county, attached the goods in question as the property of Louis Ehrlich. On the sixteenth day of February, 1880, plaintiff commenced this action to recover the goods so attached, or their value, to-wit, four thousand eight hundred and seventy-six dollars and fifty cents. On the third day of February, 1880, after being informed by telegram and letter, dated January 15, 1880, of the circumstances and conditions of the sale, Louis Ehrlich ratified the same by an instrument in writing, signed, sealed and acknowledged by him. At the trial, and against the objections of plaintiff, defendant was permitted to prove certain declarations made by Louis Ehrlich in New York city, on the nineteenth and twentieth of January, 1880, the tendency of which was to impeach the *bona fides* of the sale and impair the title of plaintiff.

The only question presented for our consideration is as to the admissibility of these declarations. The defendant, in his answer, alleged that the pretended sale was made for the purpose of defrauding the creditors of Louis Ehrlich, one of whom was the plaintiff in the suit wherein the goods in question were attached by the defendant in this action, February 6, 1880. The verdict of the jury was for the defendant. It is general, and sustains the allegations of fraud. But it was found, in part, upon the declarations of Louis Ehrlich, admitted in evidence against plaintiff's objection. Those declarations were harmful to plaintiff's case. Their tendency was to invalidate the sale. Defendant ought not to retain a verdict obtained upon material illegal testimony. If anything is well settled in the law it is that the declarations of a vendor, made after a sale by

him, and after he has parted with the possession to his vendee, cannot be received in evidence against the vendee for the purpose of affecting or impeaching the *bona fides* of such sale, or of defeating the vendee's title on the ground that the sale was in fraud of the vendor's creditors. Counsel for appellant do not deny that such is the law, but they say that the declarations were made on the nineteenth and twentieth of January, when to all intents and purposes Louis Ehrlich was in possession, because under the power of attorney, Moses Ehrlich did not have authority to sell out his father's entire business in Virginia city; that the sale, and consequently the delivery of possession, to plaintiff were void when made, and the ratification was not made by Louis Ehrlich until afterwards, on the third day of February 1880. It is claimed, therefore, that the rule of law stated above does not apply to this case. Our impressions are that the power of attorney was sufficient to authorize M. Ehrlich to make the sale and transfer; but, under the allegations contained in the answer, we shall not base our decision upon this point. Defendant's theory of the case, as shown by his answer and at the trial, was that the transfer was made on the fifteenth of January, 1880, by L. Ehrlich, by and through his attorney in fact, M. Ehrlich, but that the transaction was void for fraud.

A portion of the defendant's answer is as follows: "And defendant avers, upon his information and belief, that on or about the fifteenth day of January, 1880, said (Louis) Ehrlich, intending to cheat and defraud his said creditors, did then and there combine and collude with the plaintiff herein, and said plaintiff did then and there conspire and confederate with said Ehrlich to cheat and defraud the said creditors of said Ehrlich, and in pursuance of said scheme, and in furtherance thereof, *said Ehrlich did, on or about said day, pretend to make, and did make, a transfer of his said stock in trade, including the goods and chattels mentioned and described in the complaint herein, unto said plaintiff;* and said plaintiff at said time well knew that said Ehrlich was largely indebted as aforesaid, and that said transfer was made with

intent to cheat and defraud the creditors of said Ehrlich. And defendant avers, upon his information and belief, that plaintiff paid no consideration for said goods and chattels described in the complaint herein, and that he accepted said pretended transfer with the intent to cheat and defraud the said creditors of said Ehrlich, and now claims said goods and chattels in secret trust for said Ehrlich.''

The alleged fraudulent transfer referred to by defendant was the one made by M. Ehrlich on the fifteenth day of January. In fact, that was the only one made. Referring to that transaction, defendant alleges that L. Ehrlich transferred to plaintiff the property in question, but that said transfer was made to cheat and defraud the creditors of L. Ehrlich. In the face of these allegations defendant cannot now question the power of M. Ehrlich to make the transfer. He cannot now dispute the correctness of his own allegations. His only right under the pleadings was to show by competent evidence that the transfer was void for fraud. The declarations in question were not admissible by reason of their being a part of the *res gestæ*. (*Meyer* v. *V. & T. R. Co.*, 16 Nev. 343 *et seq.*)

The order of the court appealed from is affirmed.